# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3850

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　Plaintiff - Appellee,　　　　*
　　　　　　　　　　　　　　　　　* Appeal from the United States
v.　　　　　　　　　　　　　　　　* District Court for the Northern
　　　　　　　　　　　　　　　　　* District of Iowa.
Dontavius Wise, also known as Cricket, *
　　　　　　　　　　　　　　　　　* [UNPUBLISHED]
　　　Defendant - Appellant.　　　 *

_____

Submitted: May 10, 2010
Filed: August 4, 2010

_____

Before RILEY, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Dontavius Wise pleaded guilty to one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Wise sought a downward variance in part based on the disparity in the Guidelines' treatment of crack and powder cocaine. The district court[1] declined to vary downward and sentenced Wise to 120 months' imprisonment, which was the bottom of the applicable 120 to 150 months advisory Guidelines range. Wise appeals his sentence. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Wise argues that the district court imposed an unreasonable sentence after declining to grant a downward variance based on the disparity in the Guidelines' treatment of crack and powder cocaine. Our review is for abuse of discretion. See United States v. Cook, 2010 WL 1905035, at *1 (8th Cir. 2010) (per curiam). An abuse of discretion occurs when the district court "fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." Id. Further, "a district court's imposition of a sentence within the advisory Guidelines range is presumptively reasonable [on appeal]." United States v. Wallenfang, 568 F.3d 649, 662 (8th Cir.), cert. denied, 130 S.Ct. 566 (2009).

Here, the district court properly calculated Wise's advisory Guidelines range as 120 to 150 months' imprisonment. Next, the court considered Wise's argument for a downward variance based on the crack/powder cocaine disparity and acknowledged its power to grant a variance on that basis. However, after a thorough discussion of the applicable 18 U.S.C. § 3553(a) factors, the district court declined to vary downward. The court explained that a sentence of 120 months' imprisonment was appropriate considering Wise's criminal behavior, age, history of committing dangerous offenses, lack of steady work, and history of drug abuse. "The district court was well within its discretion not to vary downward." United States v. Davis, 583 F.3d 1081, 1099 (8th Cir. 2009) (no abuse of discretion where district court understood its authority and considered defendant's request to vary downward based on crack/powder disparity, but ultimately imposed a within-Guidelines range sentence). Further, the district court's § 3553(a) analysis supports its decision to sentence Wise to the low-end of his advisory Guidelines range.

Our careful review of the record demonstrates that "the [district] court committed no procedural error in sentencing [Wise], imposed a substantively reasonable sentence, and did not abuse its discretion in declining to vary downward."

<u>Cook</u>, 2010 WL 1905035, at *1 (citing <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007)). The judgment of the district court is affirmed.

_____